**CITY OF FORT LAUDERDALE, a municipal corporation, v. ELIZA-BETH KRAFT.**

21 So. (2nd) 461
March 13, 1945
Rehearing denied April 12, 1945

January Term, 1945
En Banc

*Julian E. Ross* and *T. O. Berryhill,* for petitioner.

*Saunders & Patterson, Thomas E. Swanson* and *Rogers, Morris & Griffis,* for respondent.

TERRELL, J.:

In March, 1936, the City Commission of Fort Lauderdale pursuant to Chapter 17118, Acts of 1935, adopted an ordinance to construct and operate a sewerage system, the estimated cost of which was $136,363.00. Part of this sum was paid with a P.W.A. grant and the balance, $89,000.00 in

"Sewer Revenue Debentures," bearing interest at four per cent, payable from the net revenues of sewerage system. The sewer revenue debentures were validated by the circuit court and approved at an election as provided by Section 6, Article IX of the Constitution.

In 1939, the Legislature enacted Chapter 19826 authorizing the City of Fort Lauderdale to impose special assessments against the lands benefitted to cover the cost of the sewer system including that part embraced in the P.W.A. loan. Pursuant to this Act, the City proceeded to issue special assessment certificates bearing interest at eight per cent payable by the owners of the lands alleged to be specially benefitted to take the place of the sewer revenue debentures.

Respondent filed her bill of complaint in the circuit court setting up these facts and alleging that the special assessments are unconstitutional because she was given no opportunity to object to the improvement, that the assessments were not made and the benefits were not apportioned as provided by law and because the assessment certificates constitute a new and different obligation from that originally undertaken and they were not approved by a vote of the freeholders as required by Section 6, Article IX of the Constitution.

In Spearman Brewing Company v. City of Pensacola, 136 Fla. 869, 187 So. 365, we held among other things that if there was any reasonable doubt that evidences of indebtedness may be issued by a city without the approval of a majority of the freeholders at an election held for that purpose, such doubt will be resolved against the validity of the instrument proposing the indebtedness.

The chancellor held that the first plan for financing the sewer improvements became a contract between the municipality and the taxpayers when approved by the latter and that Chapter 19826, Acts of 1939, was void as an impairment of this contract. There is ample reason to support this theory.

The petition for certiorari is denied.

CHAPMAN, C. J., BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.